KEVIN V. RYAN (CSBN 118321)
United States Attorney

MARK KROTOSKI (CSBN 138549)
Chief, Criminal Division

PATRICIA J. KENNEY (CSBN
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone:  415.436.6857
   Facsimile:  415.436.6748

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|          Plaintiff, | ) No. C 06- 7933 |
|    v. | ) COMPLAINT FOR FORFEITURE |
| $80,396 IN UNITED STATES CURRENCY, | ) |
|          Defendant. | ) |

### NATURE OF THE ACTION

1. This is a judicial forfeiture action, as authorized by 18 U.S.C. § 1955(d), involving the seizure of defendant $80,396 in United States Currency during the execution of a search warrant, on or about July 26, 2006, at the residence of Hooshang POURMOHAMAD aka "Hoosh" at 1105 Silver Belt Drive, Richmond, California, as proceeds of an illegal gambling business in violation of 18 U.S.C. § 1955.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355, and 18 U.S.C. § 1955(d).

3. Venue in this Court is proper because defendant $80,396 in United States Currency was seized in the Northern District of California.  28 U.S.C. §§ 1355(b) and 1395.

4. The intra-district venue is proper in the San Francisco Division within the Northern District of California.

## PARTIES

5. Plaintiff is the United States of America.

6. Defendant is $80,396 in United States Currency.

## FACTS

7. Beginning in about September 2002 and continuing until about June 2006, in the Northern District of California and elsewhere, David Lee DUCKART, Richard Anderson, aka "Alex," Darwin Mobley, Jorge Esteban Hall Zumbado, POURMOHAMAD and others, conducted, financed, managed, and supervised an illegal gambling business, as defined by 18 U.S.C. § 1955(b), in violation of 18 U.S.C. § 1955. This illegal gambling business was conducted substantially as follows:

   a. DUCKART acted as the bookmaker ("bookie"), using the code name "Duck."

   b. DUCKART received bets and wagers made by players/gamblers on his Internet website, "bettheduck," or via a toll-free telephone number into a "call center" in Costa Rica.

   c. DUCKART generally operated this illegal gambling business on a cash basis.

   d. DUCKART employed "agents" who were responsible for one or more groups of players, including collecting funds from them to pay DUCKART on their gambling losses, and communicating with persons at the call center in Costa Rica regarding the players' accounts. Agents shared a commission with DUCKART based on a percentage of their players' losses. DUCKART has identified POURMOHAMAD as one of DUCKART's agents.

   e. DUCKART employed "runners" who were responsible for communicating with agents about money owed by or to their players, for collecting United States currency from agents generally on a weekly basis, and for delivering the United States currency to DUCKART. DUCKART received currency on a weekly basis from POURMOHAMAD either directly or through Jeanne LILY who was the runner responsible for picking up the currency from POURMOHAMAD, and for delivering the currency to DUCKART.

///

Complaint for Forfeiture
No. C 06-                                                      2

  f. DUCKART utilized gambling funds he received from the proceeds of gambling losses of his players to pay for expenses of the business, including

    i. weekly fees owed to agents and runners;

    ii. weekly player fees paid to one or more entities in Costa Rica who operated the "call center" in Costa Rica; and

    iii. the salaries of persons employed by DUCKART to work at the call center in Costa Rica.

  8. As stated above, POURMOHAMAD, acting as an DUCKART's agent, received currency from his players on a weekly basis in order to place bets for them. If the players lost, then DUCKART authorized POURMOHAMAD to keep 40% of the losing bet and the remaining cash was delivered to DUCKART either directly or by the runner LILY. LILY said that POURMOHAMAD was one of her largest pickups; that she typically picked up between approximately $8,000 to $20,000 in currency weekly from POURMOHAMAD; and that she generally made the pickups on Thursdays or Fridays. After LILY was arrested on or about July 13, 2006, LILY stopped making pickups from POURMOHAMAD.

  9. In connection with this illegal gambling business, POURMOHAMAD had the code names "D6464" or "D6464a" or "6464" or "Hoosh." On DUCKART's July 17, 2006 Customer List Report – which was available on his web site, "bettheduck.com," to DUCKART and his agents – POURMOHAMAD's code name "D6464" appears with a total of 14 players, and his code name "D6464a" appears with a total of 9 players. On DUCKART's July 17, 2006 Agent List – which was also available on his web site, "bettheduck.com," to DUCKART and his agents – POURMOHAMAD's code name "D6464" appears showing that he placed a total of approximately $2.9 million in bets for his players from January 1, 2005 through July 17, 2006. On that same July 17, 2006 Agent List, POURMOHAMAD's code name "D6464a" appears showing that he placed a total of approximately $361,000 in bets for his players from January 1, 2005 through July 17, 2006.

  10. On or about June 22, 2006, Special Agents from the IRS executed a search warrant at the residence of DUCKART. In addition to indicia of his gambling operation, the IRS

Complaint for Forfeiture
No. C 06-           3

Special Agents seized approximately $768,000 in United States Currency which DUCKART has admitted was cash from his illegal gambling operation. DUCKART has been charged with violations of 18 U.S.C. §§ 401(3), 1955, 1956(a)(2)(A). Subsequently, on or about July 26, 2006, Special Agents from the IRS simultaneously executed search warrants at the residences or businesses of eight of DUCKART's agents, including POURMOHAMAD. Among other indicia of DUCKART's illegal gambling operation which the Special Agents seized from these residences and businesses of the eight agents were various amounts of United States currency. Except for POURMOHAMAD, the other seven agents have plead guilty to violations of 18 U.S.C. § 1955 in plea agreements in which each has admitted that the United States currency seized from their residence or business was proceeds of the illegal gambling operation and to forfeit it to the United States.

11. As stated above, POURMOHAMAD usually made weekly deliveries of currency to DUCKART on Thursdays or Fridays from the illegal gambling business. As a result, Special Agents of the IRS chose to execute the search warrant at POURMOHAMAD's residence at 1105 Silver Belt Drive, Richmond, California, on a Wednesday, on July 26, 2006. During the execution of that search warrant, Special Agents seized handwritten pay/owe sheets; a computer which POURMOHAMAD had used to access DUCKART's website, "bettheduck"; handwritten documents relating to the odds for various sporting events; and defendant $80,396 in United States Currency from a garage safe.

12. After advising POURMOHAMAD of his rights, the arresting officers asked him how he was employed. POURMOHAMAD replied that for the past six or seven years he invested money in casinos in transactions through his bank accounts at Wells Fargo and Bank of America. A copy of POURMODAMAD's 2005 tax return was seized during the execution of the search warrant. According to the 2005 tax return, POURMOHAMAD had no wages; he earned a net of approximately $22,000 from rental properties; and he earned approximately $247,000 from a partnership named Game Source, LLC, which appears to be the company through which POURMOHAMAD invested in casinos.

///

Complaint for Forfeiture
No. C 06-                                          4

VIOLATIONS

13. The United States incorporates by reference the allegations in paragraphs one through paragraph 12 as though fully set forth.

14. Section 1955(d) of Title 18 of the United States Code, provides for the seizure and forfeiture of any property, including money, used in violation of the provisions of 18 U.S.C. § 1955.

15. In light of the foregoing, defendant $80,396 in United States Currency is subject to seizure and judicial forfeiture.

* * * * *

WHEREFORE, plaintiff United States of America requests that due process issue to enforce the forfeiture of defendant, that notice be given to all interested parties to appear and show cause why forfeiture should not be decreed, that judgment of forfeiture be entered and that plaintiff be awarded such other relief as may be proper and just.

Respectfully submitted,

KEVIN V. RYAN
United States Attorney

Dated: December 28, 2006

STEPHANIE M. HINDS
Assistant United States Attorney

Assigned to: *signature*
AUSA Kenney

Complaint for Forfeiture
No. C 06-                                        5

# VERIFICATION

I, Carol Ann Quigley, state as follows:

1. I am a Special Agent of the Internal Revenue Service, United States Department of Treasury. I am the case agent in connection with this case, and familiar with the facts, and the investigation leading to the filing of this Complaint for Forfeiture.

2. I have read the Complaint and believe the allegations contained in it to be true.

\* \* \* \* \*

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of December, 2006, in San Francisco, California.

CAROL ANN QUIGLEY
Special Agent
Internal Revenue Service
United States Department of Treasury

Complaint for Forfeiture
No. C 06-

6