IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>HOUSHANG POURMOHAMAD,<br><br>    Claimant. | No. C 06-7933 MJJ<br><br>**ORDER GRANTING CLAIMANT'S MOTION FOR TIME EXTENSION TO FILE RESPONSIVE PLEADINGS** |

## INTRODUCTION

Before the Court is Claimant Houshang Pourmohamad's ("Claimant") Motion for Extension of Time to file responsive pleadings ("Motion") filed March 30, 2007.[1] Plaintiff United States of America ("United States") opposes Claimant's motion ("Opposition"). For the following reasons, the Court **GRANTS** Claimant's motion for an extension of time.

## FACTUAL BACKGROUND

On or about February 13, 2007, United States issued service of its forfeiture complaint to Claimant's home address in Richmond, California. (Motion at ¶ 3.) Claimant's wife signed the receipt of service as "M. Pourmohamad." (*Id*.) However, Claimant's wife did not notify Claimant's Counsel ("Counsel") of her reception of the documents because she assumed that Counsel would file a responsive pleading. (*Id*. at ¶ 4.) Counsel did not receive the forfeiture complaint until March 16, 2007 because United States sent the documents to Counsel's former address in San Francisco,

---

[1] Docket No. 13.

California, rather than his current address in Berkeley, California.  (*Id*. at ¶ 2.)

Prior to service of the forfeiture complaint, Counsel appeared on Claimant's behalf in the criminal action underlying the present forfeiture action.  (*Id*.)  Throughout the course of the criminal action, the United States Attorney's Office served Counsel at his Berkeley address; moreover, the original claim in the present matter indicated Counsel's Berkeley address.  (*Id*.)  United States knew that Counsel represented Claimant in the present forfeiture action.  (*Id*. at ¶ 3.)

Subsequently, on March 23, 2007, Counsel telephoned United States to request a time extension.  (Opposition at ¶ 2.)  The attorney for United States told Counsel that she would not object to a brief extension provided that Counsel establish "'good cause' in whatever he filed and the Court agreed."  (*Id*.)  United States and Counsel disagree as to whether United States agreed to grant Counsel a time extension during the March 23, 2007 telephone call and, more specifically, whether "good cause" exists to grant a motion for a time extension.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 6(b)(2) provides that the court may enlarge the specified time period for an act "upon motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect."  Since it is a rule of general application, courts are given broad discretion in granting or denying extensions.  *See, e.g., Rutledge v. Elec. Hose & Rubber Co.*, 511 F.2d 668, 675 (9th Cir. 1975).

The text of FRCP 6(b) places the burden of showing "excusable neglect" on the party moving for an enlargement of time.  Certain courts and commentators have opined that the movant may meet this burden by a showing of good faith coupled with a showing that there was a reasonable basis for not complying within the time specified.  *See e.g. In re Four Seasons Sec. Laws Litig.*, 493 F.2d 1288, 1290 (10th Cir. 1974).  The Ninth Circuit appears to have adopted this standard.  *See Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994) (citing with approval *In re Four Seasons*, 493 F.2d 1288); *but see Marshall v. Gates*, 812 F. Supp. 1050, 1053 (C.D. Cal. 1993) (although plaintiff's attorney claimed that the combination of his engagement in trial and his clients incarceration made it physically impossible to comply with the prescribed deadline, the court concluded that "neither of these two excuses singularly or in combination constitute excusable

1 neglect to justify the untimely filing"), *rev'd on other grounds*, 39 F.3d 1046 (1994).

2 The determination of excusable neglect "is an equitable one, taking account of all relevant
3 circumstances surrounding the party's omission." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.*
4 *P'ship*, 507 U.S. 380, 395 (1993). Generally, the court will consider several factors, including "the
5 danger of prejudice to the [other party], the length of the delay and its potential impact on judicial
6 proceedings, the reason for the delay, including whether it was within the reasonable control of the
7 movant, and whether the movant acted in good faith." *Comm. for Idaho's High Desert, Inc. v. Yost*,
8 92 F.3d 814, 825 (9th Cir. 1996) (quoting *Pioneer*, 507 U.S. at 395).

## ANALYSIS

10 Claimant argues that a time extension is warranted because Counsel has not had sufficient
11 time to prepare a claim and answer to the forfeiture complaint. Moreover, Counsel's need for more
12 time is attributable to "excusable neglect" predicated upon United States's sending of the forfeiture
13 complaint to Claimant's home address and Counsel's prior business address rather than Counsel's
14 current address in Berkeley, California. United States contends that good cause for a time extension
15 does not exist. Further, United States argues that Claimant has failed to attach a declaration in
16 support of his contention that he did not receive the forfeiture complaint or a declaration explaining
17 why he failed to submit a timely claim and answer. The Court is not convinced by United States's
18 arguments.

19 Having considered the circumstances surrounding the delay, the Court finds that Claimant
20 has satisfied his burden of demonstrating that the delay occurred in good faith and that there was a
21 reasonable basis for not filing a timely responsive pleading. First, the danger of prejudice to United
22 States is not substantial since United States is the moving party in the forfeiture claim. Moreover,
23 Plaintiff has been on notice throughout the underlying criminal action that Claimant would object to
24 Plaintiff's forfeiture proceedings. Second, delaying the forfeiture proceedings to allow Claimant to
25 file a responsive pleading will not have a detrimental impact on United States or these judicial
26 proceedings. Third, United States is partially responsible for the delay by failing to send the
27 forfeiture complaint to Counsel's current business address in accordance with prior practices.
28 Accordingly, the Court finds that Claimant's request for a time extension is reasonable, in good faith

and, therefore, based upon excusable neglect.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Claimant's motion for an extension of time to file a responsive pleading. Claimant shall have thirty days from the filing of this order to file a responsive pleading.

**IT IS SO ORDERED.**

Dated: April 19, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

4